**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4377
_____

KATHERINE ARCHUT,
                    Appellant

v.

ROSS UNIVERSITY SCHOOL OF VETERINARY MEDICINE; DEVRY, INC.,
a corporation of the state of Delaware, ABC CORPORATION 1-5, being
fictitiously named subsidiaries of DeVry, Inc.
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 3-10-cv-01681)
District Judge:  Honorable Mary L. Cooper
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 11, 2014

Before:  McKEE, *Chief Judge*, SMITH and SHWARTZ, *Circuit Judges*

(Opinion Filed:  October 31, 2014)
_____

OPINION[1]
_____

McKEE, *Chief Judge*.

---

[1]  This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Katherine Archut appeals the dismissal of her federal and state claims she brought alleging violation of the Rehabilitation Act and the Americans with Disabilities Act, violation of the New Jersey Law Against Discrimination, and breach of contract. The district court held that federal and state anti-discrimination laws did not apply extraterritorially and dismissed the remaining breach of contract claim under the theory of *forum non conveniens*. We will affirm.

In a thorough and well-reasoned Memorandum Opinion, Judge Cooper explained why she was granting summary judgment on Archut's federal and state anti-discrimination claims. *See Archut v. Ross Univ. Sch. of Veterinary Med.*, No. 10–1681(MLC), 2012 WL 5867148 (D.N.J. Nov. 19, 2012). The court explained its conclusion that the statutes those claims are based upon do not apply extraterritorially, and we can add little to that court's analysis and discussion. *See Morrison v. National Australia Bank Ltd.*, 561 U.S. 247, 130 S.Ct. 2869, 2878, 177 L.Ed.2d 535 (2010) (determining that absent, a "clear indication of an exterritorial application, [the statute] has none."). Accordingly, we will affirm substantially for the reasons set forth in the aforementioned Memorandum Opinion of the district court.

Judge Cooper also carefully and completely explained her reasons for granting Ross's motion to dismiss the remaining breach of contract claim on the grounds of *forum non conveniens*. *See Archut v. Ross Univ. Sch. of Veterinary Med.*, No. 10–1681(MLC), 2013 WL 5913675 (D.N.J. Oct. 31, 2013). In her

thorough opinion, Judge Cooper explained that she was dismissing the contract claim because it arises from conduct that occurred in St. Kitts. As the judge explained, St. Kitts is therefore the appropriate forum to litigate the alleged contract breach. Since "the law of St. Kitts likely governs the dispute, trial of the case in a St. Kitts forum will be much easier and expeditious." *Id.* at *15. Accordingly, we will affirm the district court substantially for the reasons set forth in the district court's Memorandum and Order without further elaboration.